**294·16**

Cause No:_____

**ORIGINAL**

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 23 2016

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN, TEXAS

JOHN ROBERT RENDON

( PETITIONER )

V.

THE STATE OF TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAY 23 2016

Abel Acosta, Clerk

From Appeal No. 11-14-00080-CR

Trial Cause No. D-1-DC-12-204209

390th District Court, Travis County, Texas

**PETITION FOR DISCRETIONARY REVIEW**

1

## IDENTITY OF PARTIES AND COUNSEL

**TRIAL COURT JUDGE**

Hon. Chuck Miller (390th District Court)
Sitting for honorable Julie Kocurek
Criminal Justice Center
509 W. 11th Street
Austin, Texas 78701

**ATTORNEY FOR PETITIONER (TRIAL)**

Larry Schaubhut
Suite 302
4611 Bee Caves Rd.
Austin, Texas 78746

**PETITIONER (Pro Se)**

John Robert Rendon TDCJ ID- # 01914772
C. L. Luther Unit
1800 Luther Dr.
Navasota, Texas 77868

**ATTORNEY FOR STATE (TRIAL)**

Victoria Winkeler (Asst D.A.)
P.O. Box 1748
Austin, Texas 78767

**ATTORNEY FOR PETITIONER (ON APPEAL)**

Christopher M. Perri
1504 West Ave.
Austin, Texas 78701

**ATTORNEYS FOR STATE ( ON APPEAL )**

Rosemary Lehmberg ( D. A. )
M. Scott Taliaferro ( Asst D.A. )
509 W. 11th Street
Austin, Texas 78767

## TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-11

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APENDIX A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A 13

- Medical Records

APENDIX B . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B 14

- Memorandum Opinion

## INDEX OF AUTHORITIES

### CASES:

Francis V. State 428.S.W.3D850 ( Tex. Crim. App. 2014 )
Hollowell V. State 571.S.W.2D179 (Tex. Crim. App. 1978)
Lindley V. State 635.S.W.2D.S41 ( Tex. Crim. App. 1982 )
Montgomery V. State 810.S.W.2D372 ( Tex. Crim. App. 1991 )
Oprean V. State 201.S.W.3D724 ( Tex. Crim. App. 2006 )
State V. Larue 152.S.W.3D95 ( Tex. Crim. App. 2004 )

### STATUES AND RULES

Tex. R. App. Proc. 44.2 (b)
Tex. Code Crim. Proc. Ann, Art 29.03, .08
Tex. Code Crim. Proc. Art. 29.13
Tex. Code Crim. Proc. 39.14 (a)
Tex. R. Evid. 404 (b)

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument at this time.

## STATEMENT OF CASE

On August 13, 2012, police arrested the petitioner for the offense of Family Violence Assault and Strangulation. CRS On September 18, 2012, Petitioner was indicted for Assault Family Violence. On February 10-13, 2014, seventeen months later, after two continuances, a jury trial was held. The jury found the petitioner guilty of the charged offense. RRIV 57. Petitioner's penalty range was enhanced due to alleged priors. CR 17-18. A punishment hearing ensued before the Court on February 13, 2014. The trail court sentenced petitioner to 2S years in the Texas Department of Criminal Justice Institutional Division. CR 110, RRVII 44.

## STATEMENT OF PROCEDURAL HISTORY

On March 7, 2014, the Petitioner timely filed his notice of appeal. CR 121. Petitioner's case was transferred to the Eleventh Court of Appeals on March 27, 2014. CR 124-125. Petitioner's attorney on appeal, Christopher M. Perri delivered " Appellant's Brief" to Travis County District Attorney's Appellate Division on September 11, 2014. The stare filed their brief on November 12, 2014. The Eleventh Court of Appeals filed their opinion on February 2S, 2016 modifying the judgment of the trial on the degree of the offense changing to a 2nd Degree Felony. The appeals court affirmed the trial court's decision to allow the admission of the medical records, text messages and photos into the court even with a standing discovery order. Petitioner filed for an extension of the Petition Discretionary Review on March 9, 2016. Extension was granted.

5

## GROUNDS FOR REVIEW

1. Court of Appeals erred in its decision pertaining to the trial courts abuse of discretion and affirming their decision to permit the State to introduce medical records that failed to be disclosed to Petitioner's trial counsel prior to trial pursuant to a standing discovery order.

## ARGUMENT

Petitioner argued on appeal that trial court erred in admitting Evon Sandoval's medical records into evidence including photos of alleged injuries when the prosecution violated a discovery order by failing to disclose them to Petitioner's trial counsel within reasonable time before trial. The prosecution willfully gamed the system by failing to inquire about the existence of these records until the night before trial had begun. As a result, Petitioner had no time to prepare a defense or hire an expert to review said medical records. Also, that his decision to proceed to trial was based on prior discovery and that his decision might have changed had he had knowledge of these medical records. Petitioner also argued the alleged injuries had an effect on the jury's verdict by admission of the records. AB 12

Petitioner's trial counsel objected when the State sought to introduce the medical records from Evon Sandoval's visit to the ER. RRIV176-77. The State had been prosecuting his case for 17 months and hadn't received a copy of the medical records until 11:15 AM the morning of the trial. He described their tactic as " Trial by ambush". RRIV 177. The trial court then asked petitioner's counsel to show harm. He stated that a standing discovery order requires disclosure of all documents that the State intended to use to be true. RRIV 178. Trial counsel stated that the Petitioner may have taken a plea offer if this information was made available. RRIV 178.

In trial counsel's describing the harm, he said was a " total surprise" as the State could have easily obtained these records earlier but ambushed Petitioner at trial depriving him of his right to confront the evidence. Petitioner and his counsel would've handled the case differently if they'd had the new evidence prior to trial. RRIV 178. The State said that it didn't learn of the medical records until the previous evening. RRIV 179. The trial court acknowledged the discovery order but noted that the violation must be brought to the court's attention as soon as possible and over ruled Petitioner's objection. RRIV 179. Evidence willfully withheld from disclosure under a discovery order should be excluded from evidence. Whether the trial court should exclude the evidence on this basis hinges on whether the prosecutor acted with the specific intent to willfully disobey a discovery order. / Francis V. State 428S.W.3D854-55. Quoting Oprean V. State. 2015.W.3D724,727 ( Tex. Crim. App. 2006 ).

Here the trial court found the prosecution violated the discovery order when required petitioner to show harm before the evidence could be excluded. RRIV 177. Based on the law this would be unnecessary unless the court found that the order had been willfully violated. Francis, 428 S.W. 3D at 855.

6

This case was indicted on September 18, 2012 giving the prosecution 17 months to work the case. CR 17-18. The prosecution attempted to hide behind a false claim of negligence by stating that if did not learn about the medical records until the evening before its case-in-chief began. RRIV 179. The prosecution decided to introduce the records despite the lack of pretrial notice to the defense.

This case had previously been set for trial two other times, RRII 13, showing that prosecution's claim that it had no knowledge of Evon Sandoval's hospital visit was false. Petitioner's appellate counsel argued that this case was similar to Hollowell V. State 571 S.W. 2D 179,180 ( Tex. Crim. App. 1978 ): The State's contention that it was unaware of the existence of the print until the trial was in progress is untenable. First, just as defense counsel has an obligation to investigate the case before trial, the prosecutor has a duty, to know what evidence is at his disposal.

Petitioner's Appellate counsel states that the spirit of the discovery rules requires the diligent discovery and disclosure of such evidence within reasonable time before trial so the defendant can make an informed decision about whether to accept a please bargain and adequately prepare for trial if a deal can't be reached.

Under Tex R. App. Proc. 44.2 (b), any non- constitutional error that does not affect substantial rights must be disregarded. Under this harm standard, a reviewing court considers whether the error in admitting the evidence had a substantial and injurious effect or influence in determining the jury's verdict. Petitioner states that this court may note that his case may not have gone to trial if the State had followed the discovery order. By surprising the Petitioner with such evidence at the last minute, the State impeded his trial counsel's ability to render effective assistance at the plea bargaining phase. He would have accepted the offer of four years if he had known about the medical records substantiating Sandoval's allegations. Petitioner's trial counsel certainly argued that this evidence would have influenced the ultimate decision. RRIV 178. Without the medical records in evidence, the case was very close AB 19-20

Evidence regarding the healing fractures on Sandoval's ribs was unfairly prejudicial because it provided the jury with a basis for believing that the petitioner had assaulted her on a previous occasion. Under Texas. R. Evid. (b) , it clearly forbids the prosecution from offering such evidence of prior bad acts in order to show action in conformity therefore. Due to the States violation, Petitioner's trial counsel had no time to review the records thoroughly enough to object to this prejudicial and inadmissible evidence. The records injected such damaging evidence into the trial, the appeals court should have found that the trial courts error in admitting this evidence affected the Petitioner's substantial rights. They asked for the reversal of the judgment of the conviction on this basis.

The State argued that the Petitioner waived any error relating to the surprise because he failed to request a continuance or postponement upon learning about the hospital records. They stated that they did not violate the discovery order because they made the records available to defense counsel immediately upon obtaining them. State's counsel said that the prosecutors only learned about the emergency room records after Sandoval flew back to Texas for trial and disclosed her hospital visit.

The State felt any error was harmless. First that the plea bargain issue was not properly raised on appeal and that the Petitioner did not accept the State's renewed plea bargain offer, even after learning about the records. Secondly, they stated the records did not have a substantial injurious on the jury's verdict. SB 7

The State felt the trial court didn't err when it overruled Petitioner's objection to the admission of the victim's medical records, that any such claim was waived and harmless. Appellate courts apply

7

the abuse of discretion standard when reviewing a trial court's ruling on whether to exclude evidence for discovery order violations. Francis V. State, 428 S. W. 3D 850, 855 ( Tex. Crim. App. 2014 ). The appellate court "must pay almost absolute deference to the trials court findings of fact based on determinations of credibility or demeanor." Id absent any specific findings of fact from the trial court that are to the contrary, the reviewing court must assume that the trial court resolved all fact issues in a way that is consistent with its ultimate ruling. As long as those presumed findings of fact are supported by the record. Id SB 8. While the Court of Criminal Appeals has never specified whether the issue of a prosecutor's willfulness is a question of fact or, instead a mixed question of "law and fact", such a mixed question would ultimately turn on the credibility of the prosecutor's explanation and of her assertions that she was not even aware until the morning of the trial that the discovery order hadn't been satisfied. Francis, 428 S.W. 3D at 8S5. In such a case the appellate court would owe almost absolute deference to the trial court's implicit conclusion that the prosecutor's conduct was less then willful. Id SB 8,9.

The basic remedial rule is that "evidence willfully withheld from disclosure under a discovery order should be excluded from evidence." Francis 428 S. W. 3d at 854-5S, Whether the court should exclude evidence for the violation of a discovery order hinges on "whether the prosecutor acted with the specific intent to willfully disobey the discovery order." Id at 855. Even a prosecuting attorney's extreme negligence or recklessness in violating a discovery order will not justify on its own, the exclusion of the evidence at issue. Id. A relevant factor to consider when determining whether the State willfully violated a discovery order is the validity if the prosecutor's explanation for the discovery violation. Oprean V. State 201 S.W. 3D 724, 728 ( Tex. Crim. App. 2006 ) SB 10

During this trial, Elected Judge Kocurek was out so Judge Bob Perkins presided over the vioredire phase of the trial and Judge Chuck Miller presided over the trial.

State claimed that after the day of the voiredire, that evening, they met with Ms. Sandoval and then found out about the hospital visit. RRIV 12. While Ms. Sandoval could not recall which hospital she went to, State's counsel was able to track down her ER records at St. David's South Austin hospital on the morning the trial began. RRIV 12, 179. State's counsel gave a copy of the records to defense counsel by 11:15 am, the morning of the trial. 4 RR 177. Defense counsel objected to the admission of these records. The court overruled defense counsel's objection. 4 RR 179.

The State said that the Petitioner waived any error based on his claim of surprise because he did not request a continuance or postponement upon learning of the medical records. SB11.

In his brief, Petitioner claims that he had no time to prepare a defense to these records. AB 12. He claims that his decision to proceed to trial and that his decision might have changed, if he was aware of the medical records, AB 12, thus claiming "total surprise" and "trial by ambush." 4RR 177,178. According to Tex. Code. Crim. P. Art. 29.13 a continuance or postponement maybe granted on the motion of the State or Petitioner after the trial has begun, when it is made to appear, to the satisfaction of the court, that by some unexpected occurance since trial begun, which no reasonable diligence could have anticipated, the Petitioner is so taken by surprise that a fair trial cannot be had.

As the Court of Criminal Appeal has held, "the failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise." Lindley V. State 635 S.W. 2dS41,S44 ( Tex. Crim. App. 1982 ) In Lindley, the court overruled the appellant's point of error because, among other reasons, he failed to request a postponement or continuance during his trial once he became aware of the statements. Id at 544. The facts in Lindley are instructive for the resolution of this

8

case because as in the one, the Petitioner claims on appeal the Discovery Order violation and admission of the related evidence surprised and harmed him. However the Court of Appeals has made it clear that in such a situation, the failure to request a postponement or continuance constitutes a waiver of that issue on appeal.

They said that the trial court did not abuse its discretion because it turned over the hospital records as soon as they were in its custody and control, thus not violating the discovery order. SB 13. In Francis 428 S.W. 3d at 8SS the court noted the possibility that a negligent or reckless failure to comply with a discovery order may call for the exclusion of evidence if the Petitioner suffers from disability by virtue of the lack of discovery and the trial court takes no timely corrective action. Foot note 8 in Francis cited Judge Cochran's concurrence in LaRue, which opened that even though the prosecutor in that case was negligent in failing to comply with the discovery order, "the citizens should not be deprived of otherwise relevant, reliable evidence." State V. LaRue, 152, S.W. 3d 95,100 (Tex. Crim. App. 2004 )

In the instant case the Petitioner does not argue and record does not establish that the State's counsel acted negligently or recklessly. Rather that the Court, because it conducted a harm analysis, must have determined that the State recklessly or negligently violated the Discovery Order. However, even if correct, the court's admission of the records would reflect an implied finding that the Petitioner would not be harmed by their admission. SB 15. They stated that after studying Oprean V. State 201 S.W. 3d 724 ( Tex. Crim. App. 2006 ), where the prosecutor willfully violated the Discovery Order, that in this case there is no evidence that State's counsel acted with the specific intent to disobey the Discovery Order. In fact, the records show that the prosecutors we unaware of the hospital visit until the night before trial began. 4RR 12, 17S. Nothing allegedly indicated that the police, fire or EMS records could have alerted the State that she went to the hospital. SB 18. The Court made no express feelings that the prosecutor's willfully withheld evidence that the prosecutors made a conscious decision to violate the Discovery Order and that the defense counsel made no request for a recess or continuance to review the records. SB 18,19. They stated that the plea bargain issue was not properly raised on appeal. Even if it were the Petitioner didn't accept the State's renewed plea bargain offer after learning about the records. SB 20 The state felt there was little if any evidence that the record substantially affected the jury's verdict.

The Eleventh Court of Appeals memorandum opinion stated as in Oprean V. State 201 S.W. 3d 724, 726 ( Tex. Crim. App. 2006 ), they will review a trial court's decision to admit evidence for an abuse of discretion. Under this standard they would reverse the trial court's decision only if it acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. Montgomery V. State 810 S. W. 2d 372,390-92 ( Tex. Crim. App. 1991 . They would uphold the ruling of the trial court if it is within the zone of reasonable disagreement. Evidence willfully withheld from disclosure under a Discovery Order should be excluded from evidence, Oprean. Petitioner presented no evidence on the willfulness of the State's actions. The Court of Appeals couldn't say that the trial court abused its discretion, finding that the State didn't willfully act to thwart the trial Courts Discovery Order when it admitted the medical records into evidence. They agreed with the State that the failure to request a postponement or seek a continuance waives any error argued in an appeal or basis of surprise, stating that a continuance must be in writing and sworn to by the State or defendant. Tex. Code. Crim. Proc. Ann. Art.s 29.03.08, That a motion for a continuance that is not in writing and is not sworn preserves nothing for review. M.OP.6 The Appeals Court decided that the Petitioner's complaint of surprise or ambush litigation was not reduced to writing and was not sworn, so he failed to preserve this complaint for review.

9

Petitioner shows that the trial court did in fact abuse its discretion when admitting medical records into evidence as the first page of said medical records reveals that the State had knowledge of Ms. Sandoval's hospital visit before February 10, 2014. On the first page, under the name of "Insurer" it reads "Attorney General's Office:" Crime Victims Program, Att: Crime Victims Unit showing that entity of the State knew and evidence was willfully withheld to thwart the Discovery Order and ambush the defense. The trial court, even after defense's objection on the element of surprise and lack of time to property prepare, failed to even offer a recess for everyone to study the new evidence and decide how to proceed. Given time to review the records, defense may have noticed the name of Insurer of the first page or even asked for time to investigate as to whether it was legitimate since Ms. Sandoval went to the hospital hours later versus going at the time of the incident, thus creating doubt and possibility that the injuries may have occurred after the alleged incident, self-induced or in one of her encounters with those attempting to obtain the money she had taken. Without this proof, it shows harm in that jury found the Petitioner guilty on basis of said records. Under code of Crim. Proc. Art. 29.13, a continuance may be granted on the motion of the State or Defendant after the trial has begun, when it is made to appear to the satisfaction of the court, that by some unexpected occurrence since trial began, Which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial process cannot be held. This code doesn't state that sole responsibility is on the defense, as the State argued and the Court agreed, to request a continuance, but that the State can as well. In ensuring a fair process, the trial court can and has offered the parties at least a recess to study the evidence and decide how to proceed. State V. LaRue 152. S. W. 3d 9S. Article 39.14 (a) of the Code of Crim. Proc. does give the defendant, upon showing a good cause, the right to require the state to produce any documents or evidence that is material to the case. Petitioner exercised this right with his written Discovery Order. The State didn't comply with it. It failed to produce the records which contained evidence of healing rib fractures suggesting a prior bad act before trial. There is no statutory sanction for the violation of a clear and explicit Discovery Order but a Discovery Order is not worth the paper that it is written on if there is no consequence for violating it. Oprean V. State 201 S.W.3d 724,728-729. Defense should've been given at least a recess to view the evidence, discuss it with his client, and formulate a defensive strategy.

In Oprean Id 728, Honorable J. Cochran agreed with the majority that the trial court did, under the particular facts of his case, err in admitting the videotape without granting the defense a recess to prepare to meet his unexpected, unreviewed evidence. In State V. LaRue 95,100, J. Cochran said, " I would be less concerned about the willfulness of the prosecutor and more concerned about the due process right of the defendant." Petitioner's due process rights were violated when his standing Discovery Order was violated. Given at least a short recess to review the medical records we could have shown the State had knowledge if Ms. Sandoval's visit as they were the insurer and that Ms. Sandoval couldn't remember what hospital she went to but records show she has made 15 prior visits to the same hospital in the past 9 years. Although Petitioners trial counsel didn't have time to file for continuance, he did object on surprise issue and his lack of time to prepare. Trial counsel state that would've done the voire dire differently and may have pled differently as well. The State acknowledged it would've done jury selection differently also.

The prosecutor didn't even have the common courtesy to tell the trial counsel about the existence of the evidence when allegedly learned of it the day before trial. Petitioner not his trial counsel knew of its existence, hadn't viewed it, and they had relied on the fact that wasn't any evidence. His claim of surprise is not only plausible, it is compelling. Under these circumstances the trial Judge had the discretion to do one of two things: 1. Exclude the evidence because it had not been produced in a timely manner to allow the defense to see it and digest its importance before trial proceeded; 2. Declare a short recess for the parties to view the records and prepare for trial. In these situations the trial court

10

should balance the asserted need for a recess, its length, and its impact upon the orderly administration of justice.

When the State offered the reoffer the original plea or suggested Petitioner could go for mistrial, RR IV7, they acknowledged their negligence and a recess would have been beneficial for Petitioner's trial counsel to discuss with him the options at hand to give him fair process. Petitioner's trial counsel made an effort to ensure that he received a fair process. The State failed in that it willfully withheld the medical records as the records show they were the insurer for Ms. Sandoval's hospital visit, failed to offer time to prepare for new evidence including that of alleged prior bad act ( healing rib fractures), and didn't itself request or offer time to review the records. The trial court abused its discretion in not offering a recess for all partied to review the medical records and decide how to proceed.  Even though defense wasn't able to file a motion for continuance, he did object and argued a surprise and lack of time to prepare.  Trial Court admitted the records that contained evidence suggesting prior bad acts that may have influenced the jury's decision. When trial counsel moved for mistrial, the court's decision was to wait until evidence was presented, affecting due process of Petitioner.

The medical records were prejudicially injected and damaging evidence that was allowed into the trial proceedings, despite Petitioners trial counsel argument of surprise and lack of time to prepare. Petitioner asks that the honorable Court of Criminal Appeals find that the Court of Appeals erred in affirming the trial court's decision to admit this evidence and did in fact affect Petitioner's substantial rights. Petitioner asks that his point of error be sustained and the judgment of conviction reversed.

11

## PRAYER

Wherefore, Premises considered, Petitioner prays that this court sustains his points of error, reverse the Court of Appeals decision and remand for a new trial on guilt and innocence.

Respectfully Submitted,

John Robert Rendon # 01914772
O.L. Luther Unit
1800 Luther Drive.
Navasota, Texas 77868

## CERTIFICATE OF SERVICE

This is to certify that the above Petition for Discretionary Review has been served to Sherry Williamson, Clerk of the Eleventh Court of Appeals by First Class Mail, to 100 W. Main Street, P.O. Box 271 Eastland, Texas 76448 on the 16 day of May, 2016.

John Robert Rendon
#01914772

12

# APPENDIX A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 390TH JUDICIAL DISTRICT COURT |
| VS. | § | OF |
| **JOHN RENDON** | § | TRAVIS COUNTY, T E X A S |

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared _Barbara Howard_____, who, being by me duly sworn, deposed as follows:

My name is _Barbara Howard_____, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am Custodian of Records of ST. DAVID'S SOUTH AUSTIN MEDICAL CENTER. Attached hereto are _26_, pages of records Re: Evon Sandovoal, **DOB**: 06-27-1982,
[ENTER: Actual # of Pages]
from ST. DAVID'S SOUTH AUSTIN MEDICAL CENTER. These said _26_ pages of
[ENTER: Actual # of Pages]
records are kept by ST. DAVID'S SOUTH AUSTIN MEDICAL CENTER in the regular course of business, and it was the regular course of business of ST. DAVID'S SOUTH AUSTIN MEDICAL CENTER, for an employee or representative of ST. DAVID'S SOUTH AUSTIN MEDICAL CENTER, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter.

The records attached hereto are the original or exact duplicates of the original.

_____
Affiant

STATE'S
EXHIBIT
39

SWORN TO AND SUBSCRIBED before me on the _11_ day of _February_ 2014.

_____
Notary Public, State of Texas

My Commission Expires: _May 31, 2017_

MELISSA ANN SMITH
Notary Public, State of Texas
My Commission Expires
May 31, 2017

South Austin Medical Center

**PATIENT**

| | | |
|---|---|---|
| PATIENT NO. | r/c | CONFIDENTIAL? |
| K00110625817 | X | |

LAST VISIT DATE: 09/03/11

PATIENT NAME
SANDOVAL, EVON PATRICIA

PATIENT PHONE NO
(512)902-6010

MED REC NO.
K000384392

ADMIT DATE
08/13/12

ADMIT TIME
2130

PATIENT ADDRESS/CITY/STATE/ZIP CODE
1312 EAST 52ND ST APT A

AUSTIN, TX 78723

SSN
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

DISCH DATE

DISCH TIME

PATIENT EMPLOYER
THE HEIGHTS ON CONGRESS

OCCUPATION
LEASING DIRE

BIRTH DATE
06/27/82

AGE SEX MARITAL
30  F  S

RELIGION
CHR

RACE
H

SERVICE
X.ER

EMPLOYER ADDRESS/CIT
AUSTIN, TX 78703

BUSINESS PHONE NO
(999)999-9999

ROOM

BED

ADMIT/ATTEND/ER PHYS/PHONE NO
Tse, Jeffrey

(512)708-8654

REFERRING/FAMILY/OTH
Tse, Jeffrey

USER  PHO8726

REASON FOR VISIT
ASSAULT

**GUARANTOR**

GUARANTOR NAME
SANDOVAL, EVON PATRICIA

SSN
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

GUARANTOR REL
SA

GUARANTOR EMP
THE HEIGHT

STREET ADDRESS
1312 EAST 52ND ST

PHONE NO
(512)902-6010

OCCUPATION
LEASING DIRECTOR

BUSINESS PHONE
(999)999-9999

CITY, STATE       ZIP CODE
AUSTIN, TX 78723

EMPLOYEE ADDRESS
2703 S CONGRESS AVE, AUSTIN, TX 78703

**INSURANCE**



← Attention
Court of
Criminal appeals

PRIMARY INS COMPANY
ATTORNEY GENERALS OFFICE       CRVP.IND
ATTN: CRIME VICTIMS UNIT, AUSTIN, TX 78711
(512)936-1200

SECONDARY INS CO
, ,

PRIMARY SUBSCRIBER NAME
SANDOVAL, EVON PATRICIA

PRIMARY POLICY
122260113

SECONDARY SUBSCRIBER

SECONDARY POLIC

PRIM SUBSCRIBER EMP
CRIME VICTIMS PROGR

PRIM GROUP NO

PRIM REL
SA

SEC SUBSCRIBER EMP

SEC GROUP NO

SEC REL

PRIM AUTH #:

DOB 06/27/82

SEC AUTH #:

DOB

**MPOA : NOT APPLICABLE**

LOCAL FRIEND/RELATIVE
RODRIGUEZ, DESIREE

LOCAL FRIEND/RELATIVE ADDRESS
2900 SUNRIDGE APT 702, AUSTIN, TX 78745

FRIEND/REL PHONE
(512)350-1218

EMERGENCY CONTACT
RODRIGUEZ, DESIREE

EMERGENCY PHONE
(512)350-1218

EMERGENCY ADDRESS
2900 SUNRIDGE APT 702, AUSTIN, TX 787

REL TO FT
OT

ACCIDENT?     ON JOB INJ?     ACCIDENT COMMENT

OTH PHONE: (999)999-9999

Comment:

FINAL DIAGNOSES:

OPERATIVE/NON-OPERATIVE PROCEDURE:

CONSULTANTS:

DEP ER

PRINTED BY:qga8325          DATE 2/11/2014

```
                                    TEXT:
                                    User filed without changing allergy record.
06/29/12 0547  N   L.ER.TXS - SPIETZEN.TAMARA       ADDED                    by L.ER.TXS
                                    hydrocodone bit
                                    OLD:
                                    NEW: hydrocodone bit added. From VICODIN
                                    ADDED                    by L.ER.TXS
                                    acetaminophen
                                    OLD:
                                    NEW: acetaminophen added. From VICODIN
08/13/12 2131  N   K.ER.MCN - CANADA.MARISSA         FILED                    by K.ER.MCN

                                    TEXT:
                                    User filed without changing allergy record.
```

PRINTED BY HPF.FEED 09/11/12 1830
This document is part of the legal medical record.

PRINTED BY:qga8325             DATE 2/11/2014

```
                                            DELETED                    by K.PHA.TK
                                            No Known Food Allergies
                                            OLD: No Known Food Allergies deleted.
                                            NEW:
                                            DELETED                    by K.PHA.TK
                                            No Known Other Allergies
                                            OLD: No Known Other Allergies deleted.
                                            NEW:
09/12/09 2116  N   K.AC.RC - COLLUM,RANDY   FILED                      by K.AC.RC

                                            TEXT:
                                            User filed without changing allergy record.
10/17/09 1843  N   H.WSR.BR - ROMERO,BIANCA ADDED                      by H.WSR.BR
                                            No Known Intolerances
                                            OLD:
                                            NEW: No Known Intolerances added.
10/17/09 2008  N   H.PHA.JLT - THORNE,JENNIFER L  FILED                by H.PHA.JLT

                                            TEXT:
                                            User filed without changing allergy record.
11/05/09 2055  Y   K.PHA.TK - KWON,TIM      EDITED                     by K.PHA.TK
                                            No Known Drug Intolerances
                                            OLD: Date: 09/12/09
                                            NEW: Date: 11/05/09 (Update)
                                            EDITED                     by K.PHA.TK
                                            No Known Intolerances
                                            OLD: Date: 10/17/09
                                            NEW: Date: 11/05/09 (Update)
11/05/09 2057  Y   K.PHA.TK - KWON,TIM      ADDED                      by K.PHA.TK
                                            Latex
                                            OLD:
                                            NEW: Latex added.
                                            DELETED                    by K.PHA.TK
                                            No Known Drug Intolerances
                                            OLD: No Known Drug Intolerances deleted.
                                            NEW:
                                            DELETED                    by K.PHA.TK
                                            No Known Intolerances
                                            OLD: No Known Intolerances deleted.
                                            NEW:
05/05/11 0702  N   K.ER.DBAR - BARRY,DANIELLE  FILED                   by K.ER.DBAR

                                            TEXT:
                                            User filed without changing allergy record.
06/04/11 1420  N   K.ER.RJ - JACKSON,RYAN*  FILED                      by K.ER.RJ

                                            TEXT:
                                            User filed without changing allergy record.
07/07/11 1544  N   K.ER.KT - THOMPSON,KIMBERLY  FILED                  by K.ER.KT

                                            TEXT:
                                            User filed without changing allergy record.
09/03/11 1601  N   K.ER.KDE - DEVORE,KATHRYN FILED                     by K.ER.KDE
```

*** CONTINUED ON PAGE 4 ***

This document is part of the legal medical record.

PRINTED BY:qga8325          DATE 2/11/2014

LEGENDS

REASON CODES                          SITE CODES

ADMINISTERED BY

| USER | USER NAME/TYPE | USER | USER NAME/TYPE | USER | USER NAME/TYPE | USER | USER NAME/TYPE |

OTHER USERS

| USER | USER NAME | USER | USER NAME | USER | USER NAME | USER | USER NAME |

PHA ALLERGY HISTORY

| DATE | PHA | USER | ALLERGY DETAILS |

08/03/03 0304  MRI  K.ER.MAA - AMEDED,MICHAEL A    ADDED                                    by K.ER.MAA
                                                   NKDA - No Known Drug Allergies
09/12/09 1547  N    CONV -                         UCONV                                    by CONV
                                                   No Known Contrast Allergies
                                                   OLD:
                                                   NEW: Converted from Custom No Known Contrast Allergies
                                                   UCONV                                    by CONV
                                                   No Known Food Allergies
                                                   OLD:
                                                   NEW: Converted from Custom No Known Food Allergies
                                                   UCONV                                    by CONV
                                                   No Known Drug Allergies
                                                   OLD:
                                                   NEW: Converted from Custom No Known Drug Allergies
                                                   UCONV                                    by CONV
                                                   No Known Other Allergies
                                                   OLD:
                                                   NEW: Converted from Custom No Known Other Allergies
09/12/09 1557  N    K.ERBO.MA - **BEASLEY,KIMBERLY FILED                                    by K.ERBO.MA

                                                   TEXT:
                                                   User filed without changing allergy record.
09/12/09 1715  Y    K.PHA.TK - KWON,TIM            ADDED                                    by K.PHA.TK
                                                   No Known Drug Intolerances
                                                   OLD:
                                                   NEW: No Known Drug Intolerances added.
                                                   DELETED                                  by K.PHA.TK
                                                   No Known Contrast Allergies
                                                   OLD: No Known Contrast Allergies deleted.
                                                   NEW:
                                                   DELETED                                  by K.PHA.TK
                                                   No Known Drug Allergies
                                                   OLD: No Known Drug Allergies deleted.
                                                   NEW:

*** CONTINUED ON PAGE 3 ***
This document is part of the legal medical record.

PRINTED BY:qga8325                    DATE 2/11/2014

# APPENDIX B



In The

# Eleventh Court of Appeals

No. 11-14-00080-CR

**JOHN RENDON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 390th District Court

Travis County, Texas

Trial Court Cause No. D-1-DC-12-204209

## MEMORANDUM OPINION

The jury found John Rendon guilty of the second-degree felony offense of assault.[1] The jury found beyond a reasonable doubt that Appellant had committed violence against E.S., a member of his family or household or a person with whom he had a dating relationship, and that he had intentionally, knowingly, or recklessly impeded the normal breathing or blood circulation of E.S. when he applied pressure

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(a), (b-1) (West Supp. 2015).

to her neck and throat with his hand.[2] At trial, Appellant entered a plea of "true" to one enhancement paragraph, which the jury found to be "true." The trial court assessed Appellant's punishment at confinement for twenty-five years and sentenced him. Appellant asserts two issues on appeal, but he does not challenge the sufficiency of the evidence. We modify and affirm.[3]

## I. *Evidence at Trial*

When A.T., the eleven-year-old son of E.S., saw Appellant choke E.S., A.T. called the Austin Police Department. Joshua Drumgole, an officer with the Austin Police Department at the time of assault, arrived shortly after the call from A.T. Officer Drumgole testified that E.S. "opened the door halfway, so we could tell something was going on." He noted that E.S. appeared to be "very visibly distraught." Officer Drumgole and another officer who was with him asked E.S. if she was okay. E.S. said that she was, but "all of the nonverbal signs" revealed a different story. Officer Drumgole also noticed that E.S. had "light red marks around [her] neck that [were] consistent with hand prints and the beginning stages of . . . petechiae."[4]

Emergency Medical Services and the Austin Fire Department were called to the scene. An employee of the fire department evaluated E.S., and E.S. refused treatment. Because E.S. refused treatment, the fire department employee cancelled the call to EMS. Later that day, and unknown to the State, E.S. went to

---

[2]*See* TEX. FAM. CODE ANN. §§ 71.0021(b), 71.004 (West Supp. 2015), §§ 71.003, 71.005, 71.006 (West 2014).

[3]This case was transferred to this court from the Third Court of Appeals, and the precedent of that court binds us unless it would not bind that court. *See* TEX. R. APP. P. 41.3.

[4]"Petechia," singular for petechiae, is "a minute reddish or purplish spot containing blood that appears in skin or mucous membrane as a result of localized hemorrhage." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 926 (11th ed. 2003).

St. David's South Austin Medical Center and complained of chest injuries that she sustained in the assault.

Doctor Jeffrey Tse, the emergency room physician who examined E.S., noted in his report that E.S. sustained blows to her chest and head that resulted in a loss of consciousness. Her symptoms included difficulty breathing, headache, and chest pain, and he described her as being in "mild distress." Doctor Tse diagnosed E.S. with a chest wall injury as evidenced by "mild tenderness and small ecchymosis located in the lower, right and anterior chest."[5] He also observed "[m]ild soft tissue tenderness present in the right thigh." Doctor Tse prescribed naproxen for pain and Valium for muscle spasms.

Prior to trial, the trial court issued a standing discovery order by which the trial court required the State to produce non-privileged documents that contained evidence material to any matter in the case and that were in the possession, custody, or control of the State or any of its agents. The day before trial, for the first time, E.S. told the State about her visit to the emergency room on the day of the assault. The State immediately requested copies of the emergency room records. It received them on the morning of trial and produced them to Appellant by 11:15 a.m. that same morning.

## II. *Issues Presented*

Appellant asserts in his first issue that the trial court abused its discretion when it admitted medical records that the State did not timely produce before trial. He argues that he had inadequate time to review the records and that the trial court's decision resulted in "ambush" litigation. In his second issue, Appellant contends

---

[5]"Ecchymosis" is "the escape of blood into the tissues from ruptured blood vessels." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 393 (11th ed. 2003). The medical reports also indicated that E.S. had ecchymosis or bruises on her neck.

3

that the judgment incorrectly reflects that the jury convicted him of a first-degree felony.

## III. *Analysis*

We will review Appellant's challenges to the admission of the medical records and then address the error in the judgment of the trial court.

### A. *Issue One: Medical Records*

Appellant contends that the trial court erred when it admitted medical records that the State did not produce before trial.[6] Appellant also has contended several times—at trial and now on appeal—that he was unable to adequately prepare for trial because the State "ambush[ed him] at the last minute with incriminating evidence." We will address the production argument first, and then, Appellant's claim of surprise.

#### 1. *Untimely Production*

Appellant argues that the State willfully violated the standing discovery order of the trial court when it waited until the day of trial to produce E.S.'s medical records. We review a trial court's decision to admit evidence for an abuse of discretion. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). Under an abuse of discretion standard, we will reverse the trial court's decision only if it acted arbitrarily, unreasonably, or without reference to any guiding rules or principles. *See Montgomery v. State*, 810 S.W.2d 372, 390–92 (Tex. Crim. App. 1991) (op. on reh'g). We will uphold the ruling of the trial court if it is within the zone of reasonable disagreement. *Id.* at 391. "Evidence willfully withheld from

---

[6]The alleged assault occurred in August 2012. Consequently, the Michael Morton Act is not applicable. *See* The Michael Morton Act, 83d Leg., R.S., ch. 49, § 3, 2013 Tex. Gen. Laws 106 (codified at TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2015) ("The change in law made by this Act applies to the prosecution of an offense committed on or after the effective date [January 1, 2014] of this Act. The prosecution of an offense committed before the effective date of this Act is covered by the law in effect when the offense was committed . . . .").

4

disclosure under a discovery order should be excluded from evidence." *Oprean*, 201 S.W.3d at 726 (quoting *Hollowell v. State*, 571 S.W.2d 179, 180 (Tex. Crim. App. [Panel Op.] 1978)) (internal quotation marks omitted). But extreme negligence or even recklessness to comply with a discovery order will not, standing alone, justify the sanction of the exclusion of relevant evidence. *Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014).

The trial court heard evidence that the State did not willfully obtain and withhold E.S.'s medical records. The State explained that E.S. had moved from Austin, Texas, to Orange County, California, shortly after the assault. Because the State did not have any information about E.S.'s visit to St. David's, the State believed that E.S. had refused treatment at the scene and had not sought medical attention. Only after E.S. had returned to Austin for trial did the State learn that after the assault, but later that day, she had gone to St. David's for treatment. St. David's business records' custodian printed the medical records on February 11, 2014, which was the same day that trial began.

The State provided the medical records to Appellant as soon as it acquired the information. In *Francis*, the prosecutor had acquired a machete and held it in her personal possession until the day of trial, and the defense complained that it had not been allowed to inspect all physical evidence, which included the machete, in violation of the discovery order. 428 S.W.3d at 856. The existence of the machete was noted in the State's file, and the State had an "open file" policy. *Id.* The trial court could have found that the prosecutor had engaged in a calculated effort to frustrate the defense, but it did not. *Id.* The court in *Francis* outlined that the prosecutor's conduct could have been negligent or reckless or even willful but that the trial court did not abuse its discretion in believing the prosecutor did not act willfully to thwart the discovery order. *Id.* at 856–57.

5

Appellant presented no evidence on the willfulness of the State's actions. Perhaps the State should have checked with E.S. to see whether she had, at any time after the assault, sought and received medical treatment; however, any failure to do that, even if negligent, does not demonstrate "willfulness" by the State to thwart a discovery order. Police officers and E.S. described some of the injuries that E.S. sustained from the assault, although some injuries were noted only in St. David's medical records. But a good portion of the information in the medical records was cumulative of that testimony. After a review of the record, we cannot say that the trial court abused its discretion when it found that the State did not act willfully to thwart the trial court's discovery order and when it admitted the medical records as evidence. *Id.* at 856; *see also Montgomery*, 810 S.W.2d at 390–92.

### 2. Surprise

Appellant contends that, because "the prosecution waited until after the jury had already been empaneled and sworn [to introduce the records, he] could not obtain a continuance to prepare a response to the records, as jeopardy had already attached." "The failure to request a postponement or seek a continuance waives any error urged in an appeal on the basis of surprise." *Lindley v. State*, 635 S.W.2d 541, 544 (Tex. Crim. App. [Panel Op.] 1982). A continuance must be in writing and sworn to by the State or defendant. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, .08 (West 2006). A motion for continuance that is not in writing and is not sworn preserves nothing for review. *Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999).

The trial court may grant a continuance or postponement of a trial, upon motion by the defendant and after trial has begun, if two conditions are present. CRIM. PROC. art. 29.13. First, the trial court is satisfied that an unexpected occurrence, which could not have been reasonably anticipated, has taken the

6

defendant by surprise. *Id.* And, second, the trial court is convinced that the unexpected occurrence will prevent the defendant from receiving a fair trial. *Id.* Although jeopardy had attached to Appellant's case, that fact alone did not adversely affect his ability to request a continuance. *See id.; see also Jones v. State,* 187 S.W.2d 400, 402 (Tex. Crim. App. 1945). Appellant was obligated to request a postponement or seek a continuance to preserve his complaint of surprise for our review. *See Lindley,* 635 S.W.2d at 544. Appellant's complaint of surprise or "ambush" litigation was not reduced to writing and was not sworn. Appellant has failed to preserve this complaint for our review. *See* CRIM. PROC. arts. 29.03, .08. We overrule Appellant's first issue.

### B. Issue Two: Conviction of a First-Degree Felony

Appellant contends that the judgment of the trial court should be modified to reflect his conviction of a second-degree felony instead of a first-degree felony. *See* TEX. R. APP. P. 43.2. The State agrees that Appellant was convicted of a second-degree felony and that the judgment should be modified to correct the error. This court has the power to modify the judgment of the trial court to correct certain errors so that the record speaks the truth. *See id.; French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Woods v. State,* 398 S.W.3d 396, 405–06 (Tex. App.— Texarkana 2013, pet. ref'd). When a judgment improperly reflects the findings of the jury, the proper remedy is the reformation of the judgment. *French,* 830 S.W.2d at 609.

The judgment incorrectly reflected that the jury convicted Appellant of a first-degree felony. Simple assault is a Class A misdemeanor, but the offense is elevated to a second-degree felony if (1) the offense is committed against a family or household member or a person with whom the defendant has or has had a "dating relationship"; (2) the defendant was previously convicted of an enumerated offense,

7

such as assault-family violence; and (3) the current offense "is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." PENAL § 22.01(b-1)(1)–(3); FAM. §§ 71.0021(b), 71.003–.006.

Appellant was charged and convicted of assault against a member of his family or household or against a person with whom he had a dating relationship (assault–family violence). The jury found beyond a reasonable doubt that Appellant assaulted E.S.; that during the assault he intentionally, knowingly, or recklessly impeded the normal breathing or blood circulation of E.S. when he applied pressure to her throat and neck with his hand; that E.S. was a member of Appellant's household or a person with whom he had a dating relationship; and that Appellant had a prior conviction for that same offense. Therefore, the current offense is a second-degree felony, not a first-degree felony as stated in the judgment.[7] We modify the judgment to reflect a conviction for a second-degree felony.

## IV. *This Court's Ruling*

We modify the judgment of the trial court to reflect the "**Degree of Offense**" to be a "**2ND DEGREE FELONY**" as found by the jury, and we affirm as modified.

February 25, 2016                                        MIKE WILLSON

Do not publish. *See* TEX. R. APP. P. 47.2(b).          JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[7]Although Appellant was convicted of a second-degree felony, Appellant pleaded "true" to an enhancement paragraph. Thus, the trial court properly sentenced Appellant within the range of punishment for a first-degree felony. *See* PENAL § 12.42(b).

8

Pay Attention to the INDEX OF AUTHORITIES
? Table of Contents - The Page numbers half to
be correct in pg refrences.
IF you use Typed copy? ReType it the same
way the page #'s should be the same or close.

These both half to be correct.

Make Sure APENDIX A ? APENDIX B are
included in The copies made ÷ that they are
correct.

I apologize for this inconvience ÷ for
this extremly hard task - I Know it seems
easy but any error will result in a Denial
Denial by Error is what they want me
to commit so I loose a shot at winning this
process, please take your time? Do not re
word any leGAl Terms used in HANO WRITTEN
COPY - spell check might not acknolege them as
words but They are LEGAL TERMS ? CASE LAW
Refresces. IF you have Trouble contact Seaton
OR David - They might Know somebody.
Proof read your copy with hand written copy to
make sure it is exactly the same
I ♡ you Rendon !!

USPS TRACKING NUMBER

9500 1152 3797 8137 0924 99

**ReadyPost.**

FROM:

John Robert Rendon #02034772
1800 Luther Dr.
Luther Unit
Navasota, Tx 77868

FIRST CLS

RECEIVED
COURT OF APPEALS
ELEVENTH DISTRICT

MAY 16 2016

SHERRY WILLIAMSON, CLERK

U.S. POSTAGE
BUDA, TX
MAY 18 16
AMOUNT
$3.40
R2304N118400-03
1000
79448

TO:

Sherry Williamson
Eleventh Court of appeals
100 w. main St P.O.Box 271
Eastland, Texas 76448